**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

JUN 28 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**FOR THE NINTH CIRCUIT**

DONALD LILLY,

       Plaintiff-Appellant,

  v.

COUNTY OF HUMBOLDT; SHERIFF'S DEPARTMENT,

       Defendants-Appellees.

No. 21-16114

D.C. No. 5:19-cv-07941-NC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding[**]

Submitted June 15, 2022[***]

Before:    SILVERMAN, WATFORD, and FORREST, Circuit Judges.

The responses to the October 5, 2021 order demonstrate that this appeal involves non-frivolous issues. The order to show cause is therefore discharged,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and Lilly's motion to proceed in forma pauperis (Docket Entry No. 10) is granted. *See* 28 U.S.C. § 1915(a). The Clerk will amend the docket to reflect Lilly's in forma pauperis status, and will file the reply brief received on November 8, 2021 (Docket Entry No. 8).

Donald Lilly, a former civil detainee at Humboldt County Correctional Facility, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging unconstitutional conditions of confinement. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment because Lilly failed to rebut defendants' evidence of legitimate, non-punitive reasons for the conditions that Lilly described. *See Bell v. Wolfish*, 441 U.S. 520, 536-37 (1979) (holding that the government may subject an inmate to the general conditions of the facility so long as those conditions do not amount to punishment or otherwise violate the Constitution); *Jones*, 393 F.3d at 932 (maintaining jail security and effective jail management are legitimate, non-punitive governmental interests).

**AFFIRMED.**